UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**KATHRYN L. CHATMON,**

    *Plaintiff,*

  -vs-

**THE ALCOTT GROUP, ALCOTT
STAFF LEASING, INC., COMMUNITY
FOUNDATION FOR GREATER
BUFFALO, GAIL JOHNSTONE and
MYRA LAURENCE, Individually,**

    *Defendants.*

Civil Action No.
07-CV-6482

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT ALCOTT GROUP INC., d/b/a THE ALCOTT GROUP, f/k/a ALCOTT STAFF LEASING, INC.

**HISCOCK & BARCLAY, LLP**
*Attorneys for Defendant*
Alcott Group Inc., d/b/a
The Alcott Group
Office and Post Office Address
1100 M&T Center
3 Fountain Plaza
Post Office Box 4878
Buffalo, New York 14203-1414
Telephone: (716) 856-5400
Facsimile:  (716) 856-0139

This Memorandum of Law is submitted on behalf of Defendant Alcott Group Inc., d/b/a

The Alcott Group ("Alcott"), f/k/a Alcott Staff Leasing, Inc., in support of Alcott's motion for an

Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the

Complaint of Plaintiff Kathryn L. Chatmon ("Plaintiff") as against Alcott, in its entirety and with

prejudice or, alternatively, for summary judgment pursuant to Rule 56.

Putting aside the fact that no adverse employment action has been taken against Plaintiff

that would constitute discrimination or retaliation, Plaintiff's claims are based upon alleged

incidents which pre-date any relationship between Plaintiff and Alcott and which do not, in any

way relate to Alcott.  Accordingly, Plaintiff cannot state a claim against Alcott and, therefore,

her claims, as against Alcott should be dismissed.

### FACTS

As alleged in the Plaintiff's Complaint, Plaintiff is an African-American female who has

worked for Defendant Community Foundation for Greater Buffalo ("CFGB") since 1984.

Complaint ¶ 8.  Alcott is a professional employer organization ("PEO"), registered with the New

York State Department of Labor pursuant to the New York Professional Employer Act, N.Y.

Labor Law, Art. 31.  Affidavit of Michael LaMancuso, dated November 5, 2007 ("LaMancuso

Aff."), ¶ 2.  PEOs, including Alcott, establish a contractual relationship with their clients,

pursuant to which the PEO assumes responsibility for administering its client's benefits, human

resources functions, workers' compensation, payroll processing, and unemployment insurance.

LaMancuso Aff. ¶ 3.  Accordingly, although a PEO establishes and maintains an employer

relationship with the individuals assigned to its clients, the client of a PEO maintains its status as

employer and retains the right to direct and control the individuals as necessary in order to

conduct the client's business operations.  LaMancuso Aff. ¶ 4.

Effective January 1, 2007, Alcott entered into a client services agreement with CFGB, pursuant to which all employees of CFGB as of that date, including Plaintiff, became employees of Alcott as the PEO providing PEO services to CFGB. LaMancuso Aff. ¶ 5. Prior to January 1, 2007, all of the employees of CFGB, including Plaintiff, were employed only by CFGB and not Alcott. LaMancuso Aff. ¶ 7. With respect to Plaintiff's substantive responsibilities and duties as CFGB's Chief Financial Officer, Plaintiff has always reported to and been subject to the direction of CFGB's Executive Director, Gail Johnstone, and CFGB's Board of Directors. LaMancuso Aff. ¶ 8. In that regard, the New York Professional Employer Act provides, in relevant part, that "… the client shall maintain such direction and control over the worksite employees as is necessary to conduct the client's business and without which the client would be unable to conduct its business …" N.Y. Labor Law §922(1)(a)(i).

It is clear from the allegations in the Complaint that all of the alleged unlawful discriminatory acts occurred prior to January 1, 2007, prior to Plaintiff having any relationship whatsoever with Alcott, and, moreover, that all of the alleged unlawful discrimination and retaliation about which Plaintiff complains relate solely to actions on the part of CFGB. Complaint ¶¶ 8-18; LaMancuso Aff. ¶ 7; Ex. 1. Accordingly, Plaintiff cannot state a claim against Alcott and her Complaint should be dismissed.

## ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Vandewater v. Canandaigua Nat'l Bank*, 2007 U.S. Dist. LEXIS 5785, *3 (W.D.N.Y. January 26, 2007), *citing*, *H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *Gilmore v. University of Rochester*, 2005 U.S.

Dist. LEXIS 38177, *7 (W.D.N.Y. September 1, 2005), *quoting, Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (additional citations omitted).   Under federal notice pleading requirements, a complaint alleging employment discrimination is sufficient to withstand a Rule 12(b)(6) motion to dismiss if it gives "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).   However, a civil rights complaint must still allege <u>facts</u> to support a claim upon which relief can be granted.  *See, e.g., Murphy v. Goord*, 445 F.Supp.2d 261, 264 (W.D.N.Y. 2006)(citations omitted); *Gilmore v. University of Rochester*, 410 F.Supp.2d 127, 133 (W.D.N.Y. 2006)(citations omitted).

In the instant case, the Plaintiff's Complaint does not set forth any facts which could support a claim against Alcott.   In that regard, Plaintiff purports to allege claims of race discrimination and retaliation under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000e et seq., ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., ("Human Rights Law").   With respect to each of these purported causes of action, however, Plaintiff has failed to allege any facts which would support a claim against Alcott. Therefore, Plaintiff's claims, as against Alcott, must be dismissed as a matter of law.

## A.     Section 1981

To establish a claim under Section 1981, a plaintiff must allege that (1) she is a member of a racial minority, (2) the defendant intended to discriminate against her on the basis of race, and (3) the discrimination concerned one or more of the of the activities enumerated in the statute.  *See, e.g., Hall v. The New York State Hospital*, 2003 U.S. Dist. LEXIS 22039 at *10 (S.D.N.Y. December 5, 2003), *citing, Mian v. Lufkin, Donaldson & Jenrette Securities*

*Corporation*, 7 F.3d 1085, 1087 (2d Cir. 1993); *Weiss v. LaSuisse*, 260 F. Supp.2d 644, 650 (S.D.N.Y. April 22, 2003)(same); *Johnson v. City of New York*, 2000 U.S. Dist. LEXIS 4698, *9-10 (S.D.N.Y. April 12, 2000)(same); *Farrell v. Child Welfare Admin.*, 77 F. Supp.2d 329, 332 (E.D.N.Y. December 15, 1999)(same).

Moreover, to state a claim under Section 1981 and survive a Rule 12(b)(6) motion to dismiss, the Complaint must specifically plead events of purposeful and intentional discrimination, as well as racial animus in connection with the defendant's action. *See, e.g., Hall*, 2003 U.S. Dist. LEXIS 22039 at *13, *citing, Albert v Carovano*, 851 F.2d 561 (2d Cir. 1987); *Lieberman v. Fine, Olin & Anderman, P.C.*, 2002 U.S. Dist. LEXIS 1554, *6 (S.D.N.Y. January 24, 2002), *citing, Tolbert v. Queens College*, 242 F.3d 58, 69-70 (2d Cir. 2001). Thus, it is well settled that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of Section 1981, fails to state a claim under Rule 12(6)(b). *Id.*

Here, Plaintiff's Complaint does not contain a single allegation of unlawful discrimination or retaliation on the part of Alcott. Indeed, other than the recitation of Alcott's name in the caption and in the heading of the separate causes of action, Plaintiff's Complaint is devoid of any factual assertion of any allegedly unlawful action on the part of Alcott. Moreover, it is clear that all of the alleged unlawful actions described in the Plaintiff's Complaint relate solely to CFGB and do not, in any way, involve Alcott. *See,* Complaint ¶¶ 8-18; LaMancuso Aff. ¶ 7; Ex. 1. Because all of the alleged acts of discrimination took place before Alcott had any relationship with Plaintiff, Plaintiff is unable to support any claim as against Alcott. Absent specific allegations in the Complaint giving notice of any events of purposeful and intentional

discrimination or retaliation against Plaintiff by Alcott, the Complaint, as against Alcott, must be dismissed as a matter of law.

**B.       Title VII/ Human Rights Law**

The standards for recovery under New York's Human Rights Law are in accord with the Federal standards under Title VII. Thus, the elements of a Human Rights Law claim can be analyzed in a manner virtually identical to those under Title VII. *Gallagher v. Delaney*, 139 F.3d 338, 345 (2d Cir 1998). In that regard, it is well settled that, to succeed in establishing a claim of employment discrimination under Title VII and the Human Rights Law, the Plaintiff must plead facts which allege that (1) she is a member of a protected class, (2) she was qualified to hold the position, (3) she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). And, with respect to Plaintiff's retaliation claims under these statutes, Plaintiff must show (1) her participation in a protected activity known to the defendant, (2) an employment action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action. *Vandewater*, 2007 U.S. Dist. LEXIS 5785, at *7; *Faggiano v. Eastman Kodak Co.*, 378 F. Supp.2d 292, 299 (W.D.N.Y. 2005).

Here, as set forth above, Plaintiff has failed to allege <u>any</u> set of facts that would support a claim of unlawful discrimination or retaliation on the part of Alcott because each of the alleged unlawful activities complained of by Plaintiff occurred <u>before</u> January 1, 2007. Moreover, as noted above, it is clear from the allegations in the Complaint that all of the alleged unlawful conduct about which Plaintiff complains relates solely to actions on the part of CFGB. As a result, the Complaint should be dismissed in its entirety and with prejudice against Alcott.

## CONCLUSION

For all of the foregoing reasons, Defendant The Alcott Group, Alcott Staff Leasing, Inc. respectfully requests that the Court grant its motion for an Order dismissing Plaintiff Kathryn L. Chatmon's Complaint as against Alcott with prejudice or, alternatively, that the Court enter summary judgment in favor of Alcott, and for such other and further relief as the Court deems just and proper.

**DATED:**     November 5, 2007                    **HISCOCK & BARCLAY, LLP**

By:      /s/ Robert P. Heary
Robert P. Heary
Christopher J. Harrigan

*Attorneys for Defendants*
Alcott Group Inc., d/b/a
The Alcott Group
Office and Post Office Address
1100 M&T Center
3 Fountain Plaza
Buffalo, New York 14203-1414
Telephone: (716) 856-5400
Facsimile:  (716) 856-0139
E-mail:      rheary@hiscockbarclay.com
                charrigan@hiscockbarclay.com