UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHRYN L. CHATMON,

                                                  Plaintiff,

                                                                                              <u>DECISION AND ORDER</u>

                                                                                                                        07-CV-6482L

                          v.

THE ALCOTT GROUP, ALCOTT STAFF
LEASING, INC. & COMMUNITY
FOUNDATION FOR GREATER BUFFALO,
GAIL JOHNSTONE & MYRA LAURENCE,
Individually,

                                                Defendants.
_____

       Plaintiff brings this action against the Community Foundation for Greater Buffalo ("CFGB"), her former employer, and The Alcott Group, a corporation which performs certain administrative services for CFGB, alleging discrimination and retaliation in employment in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000 et seq., and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq. The Alcott Group has moved for summary judgment and plaintiff has cross moved to amend her complaint to clarify her factual allegations and assert an additional cause of action for constructive discharge. As set forth below, The Alcott Group's motion is granted, and plaintiff's motion is granted in part and denied in part.

Plaintiff began working as a secretary for CFGB on or about January 2, 1984, and received numerous promotions, such that by 1996 she had attained the position of Chief Financial Officer. On July 11, 2005, she filed an employment discrimination charge with the New York State Division of Human Rights ("NYSDHR"). After investigating her complaint, the NYSDHR made, and later affirmed, a "probable cause" determination that plaintiff had been subjected to discrimination. This action followed.

The Alcott Group is a professional employer organization which, by contract, assumes responsibilities to administer, from its own offices, various programs and operations for corporate and not-for-profit clients, including CFGB. The basis for The Alcott Group's motion for summary judgment is that it did not assume any corporate responsibilities relative to CFGB until January 1, 2007 – months, and in some cases, years, after the discriminatory acts alleged by plaintiff. Plaintiff does not dispute that The Alcott Group began its relationship with CFGB on January 1, 2007, and could not have had any contact whatsoever with plaintiff before that date.

In mid-February 2007, plaintiff left CFGB's employment and did not return. The Alcott Group claims that it took no action and had no contact whatsoever with plaintiff during the several-week period between its retention by CFGB and plaintiff's departure. There is no evidence that The Alcott Group took any action against the plaintiff, or ever received any complaint of unfair or improper treatment. *See generally Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 117 (2d Cir. 2002) (plaintiff bears the initial burden to establish a *prima facie* case of discrimination by showing, inter alia, an adverse employment action by the defendant, occurring under circumstances giving rise to an inference of discrimination); *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 611 F.

Supp. 344, 347 n. 11, 348 (S.D.N.Y. 1984) (plaintiff seeking to assert claims against two defendants claimed to be simultaneous employers must produce evidence that both entities exercised the "right to control the means and manner" of her performance) (internal quotations omitted).

After reviewing all the evidence, it is clear that the incidents about which plaintiff complains occurred months and/or years before The Alcott Group came to have a connection with CFGB.

Alcott had a particular function which was short-lived, existing only a few weeks, before plaintiff left CFBG. While plaintiff suggests that the conduct of which she complains "continued" after The Alcott Group became associated with CFBG, she offers no evidence to support that. In order for plaintiff's claims to survive, there must be some allegation, supported by evidence in admissible form, that The Alcott Group did something or knowingly acquiesced in prior discriminatory conduct or prior retaliation or ignored plaintiff's complaints. It is rudimentary that an entity must have taken some action – or knowingly failed to act – for it to be liable under statutes prohibiting discrimination. Here, the matters of which plaintiff complained happened long before Alcott came on board, and there is no evidence whatsoever that the Alcott Group acquiesced in, confirmed, or ratified anything that had previously occurred. The Alcott Group's tasks did not involve the day-to-day supervision or management of CFBG employees, and CFBG was just one of many entities it serviced. Plaintiff makes no claim that The Alcott Group's responsibilities included processing or responding to complaints of discrimination.

CONCLUSION

Defendant, The Alcott Group's motion for summary judgment (Dkt. #2) is granted and the complaint is dismissed as to that defendant. Plaintiff's motion for leave to amend the complaint (Dkt. #18) is granted in part and denied in part. The motion to amend is denied insofar as it seeks to assert additional claims against The Alcott Group, and granted with respect to the remaining defendants, CFBG and two of its officers (the "CFBG defendants"), who have submitted no opposition. Plaintiff is directed to file the proposed amended complaint, revised to omit the assertion of causes of action against The Alcott Group, within twenty(20) days of entry of this Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 27, 2008.